UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARTHUR NESTER RAMIREZ,

    Petitioner,

v.

JAMES ROBERTSON,

    Respondent.

Case No. 20-cv-02876-WHO (PR)

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

## INTRODUCTION

Petitioner Arthur Nester Ramirez seeks federal habeas relief under 28 U.S.C. § 2254 from a prison disciplinary decision. Because it is not clear that the decision affected the length of his sentence, the petition is DISMISSED with leave to file an amended petition on or before **November 9, 2020**. In the amended petition, Ramirez must make clear whether he lost any time credits because of the disciplinary decision or whether the length of his sentence was otherwise directly affected by the decision. If Ramirez fails to file an amended petition by **November 9, 2020**, or if the petition submitted by that date is inadequate, this federal habeas action will be dismissed.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person

detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Ramirez alleges that he was denied due process in his prison disciplinary proceedings regarding a charge, later found true, that he refused having a cellmate.  However, he does not state whether the disciplinary decision resulted in the forfeiture of time credits or otherwise affected the length of his sentence.  There is no habeas jurisdiction unless the length of his sentence was directly affected.

Ramirez alleges that habeas jurisdiction exists because the disciplinary decision may have resulted in his being denied parole in 2019.  (Pet., Dkt. No. 5 at 13.)  This is insufficient to show that habeas jurisdiction exists.  *Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc) ("Success on the merits of Nettles's claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole.")  Parole decisions are based on many factors, prison disciplinary decisions being just one of them.  *Id.* at 935.

Because Ramirez has not established that habeas jurisdiction exists, the petition will be dismissed with leave to amend.  In the amended petition, Ramirez must show that habeas jurisdiction exists, indicate the number of days he had to forfeit (if any), and provide the dates of when the charges were filed, when the hearing occurred, and when the disciplinary decision issued.

## CONCLUSION

The petition is DISMISSED with leave to file an amended petition on or before **November 9, 2020**.  The amended petition must include the caption and civil case number used in this order (20-02876 WHO (PR)) and the words FIRST AMENDED PETITION on the first page.  Because an amended petition completely replaces the previous petitions, petitioner must include in his amended petition all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Petitioner may not incorporate

1 material from the prior petition by reference. Failure to file an amended petition in
2 accordance with this order will result in dismissal of this action without further notice to
3 petitioner.

4 It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court
5 informed of any change of address by filing a separate paper with the Clerk headed
6 "Notice of Change of Address." He must comply with the Court's orders in a timely
7 fashion or ask for an extension of time to do so. Failure to comply may result in the
8 dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

9 The Clerk shall amend the docket to reflect that James Robertson, the warden of the
10 prison in which petitioner is housed, is the sole respondent in this action. Petitioner also
11 named J. McBride and M. Eggen as respondents in addition to Robertson. Robertson is the
12 sole proper respondent here, as he is the custodian having day-to-day control over
13 petitioner, the only person who can produce "the body" of the petitioner. *Brittingham v.*
14 *United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414,
15 416 (D.C. Cir. 1986)). The Clerk shall terminate McBride and Eggen as respondents.

16 **IT IS SO ORDERED.**
17 **Dated:** September 28, 2020



WILLIAM H. ORRICK
United States District Judge

3