1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7   ARTHUR NESTER RAMIREZ,                    Case No. 20-cv-02876-WHO (PR)

            Petitioner,
8
                                              **ORDER TO SHOW CAUSE**
9        v.

10  JAMES ROBERTSON,

            Respondent.
11

12

13                              **INTRODUCTION**

14        Petitioner Arthur Nester Ramirez seeks federal habeas relief under 28 U.S.C.

15  § 2254 from a 2018 prison disciplinary decision that resulted in a loss of 61 days of time

16  credits.  The amended petition for such relief is now before me for review pursuant to 28

17  U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

18        The operative petition states a cognizable due process claim.  (Dkt. No. 10.)

19  Accordingly, on or before **August 23, 2021**, respondent shall file an answer or a

20  dispositive motion in response to the habeas petition.

21        The petition may be untimely.  The prison disciplinary decision was issued in 2018,

22  but Ramirez did not file a federal petition until 2020.  Respondent is directed to consider

23  whether the petition is untimely.  If he so concludes, he may file a motion to dismiss on

24  grounds of untimeliness, though he is not required to do so.

25                              **BACKGROUND**

26        In 2018 at Pelican Bay State Prison, Ramirez was found guilty of refusing to accept

27  a cellmate.  (Am. Pet., Dkt. No. 10-1 at 2.)  As punishment, Ramirez had to forfeit 61 days

28  of time credits.  (*Id.* at 6.)

**DISCUSSION**

A federal district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering such a writ shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Ramirez alleges that he was denied due process in his prison disciplinary proceedings regarding a charge, later found true, that he refused a cellmate. When liberally construed, Ramirez has stated a due process claim for relief.

**CONCLUSION**

1. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on petitioner.

2. On or before **August 23, 2021**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the

1  answer is filed.

2      4.  In lieu of an answer, respondent may file, on or before **August 23, 2021**, a

3  motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to

4  Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion,

5  petitioner shall file with the Court and serve on respondent an opposition or statement of

6  non-opposition within thirty (30) days of the date the motion is filed, and respondent shall

7  file with the Court and serve on petitioner a reply within fifteen (15) days of the date any

8  opposition is filed.

9      5.  Petitioner is reminded that all communications with the Court must be served on

10  respondent by mailing a true copy of the document to respondent's counsel.

11      6.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the

12  Court and respondent informed of any change of address and must comply with the

13  Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this

14  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

15      7.  Upon a showing of good cause, requests for a reasonable extension of time will

16  be granted provided they are filed on or before the deadline they seek to extend.

17      **IT IS SO ORDERED.**

18  **Dated:**  May 19, 2021

19  _____
    WILLIAM H. ORRICK
20  United States District Judge

21

22

23

24

25

26

27

28

3